**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CHRISTIAN EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v ) | No. 4:25-cv-00690-MTS |
| ) | |
| DAVID FRUITS and ST. CHARLES ) | |
| POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiff Christian Edwards, an inmate at the Southeast Correctional Center ("SECC"), has filed 2 applications for leave to proceed i*n forma pauperis* in this matter. The Court will deny Plaintiff's applications and direct him to either pay the $405 filing fee or file a fully completed application for leave to proceed *in forma pauperis* that is accompanied by a certified inmate account statement for the 6-month period immediately preceding the filing of the complaint, as required by 28 U.S.C. § 1915(a)(2). The Court will also deny Plaintiff's motions seeking the appointment of counsel, without prejudice.

**I. Background**

On May 8, 2025, Plaintiff filed a complaint, doc. [1], an application for leave to proceed i*n forma pauperis*, doc. [2], and a printout of his SECC inmate account for the period October 31, 2024, through April 22, 2025. Doc. [3]. In that application, Plaintiff declared that he received "0" gross pay or wages and "0" take-home pay or wages, and he placed a check mark to declare that he had not "received income" from "[a]ny other sources" during the past 12 months. Doc. [2] at

1. He declared that he had "0" "in cash or in a checking or savings account." *Id.* at 2. Plaintiff signed the application on April 25, 2025 under penalty of perjury.[1] *Id.* at 3.

According to the printout, Doc. [3], Plaintiff was paid $8.50 in wages on November 10, 2024, December 10, 2024, January 10, 2025, February 10, 2025, and March 10, 2025; and he was paid $24 in wages on April 10, 2025. The statement reflects that Plaintiff's account balance was $2.59 on April 22, 2025, and it shows he made regular kiosk and canteen purchases during the reported period.

On May 19, 2025, Plaintiff filed an amended complaint, Doc. [6], a second application for leave to proceed i*n forma pauperis*, Doc. [7], and a certified inmate account statement for the period October 1, 2024 through March 11, 2025. Doc. [9]. In that second application, Plaintiff declared that he received "0" gross pay or wages and "0" take-home pay or wages. Doc. [7] at 1. He left the third question blank, which required him to place check marks to declare whether he had received income from certain specified sources or "[a]ny other sources" in the past 12 months. *Id.* Plaintiff signed the application on May 12, 2025, under penalty of perjury. *Id.* at 3.

According to the certified inmate account statement, Doc. [9], Plaintiff was paid $8.50 in wages on October 10, 2024, November 10, 2024, December 10, 2024, January 10, 2025, February 10, 2025, and March 10, 2025. The statement shows that Plaintiff made regular kiosk and canteen purchases during the reporting period.

**II. Discussion**

Generally, when initiating a lawsuit, a plaintiff is required to pay a filing fee, 28 U.S.C. § 1914(a), with one exception relevant here: when the plaintiff moves for leave to proceed *in forma pauperis* in accordance with 28 U.S.C. § 1915. To move for leave to proceed *in forma pauperis*,

---

[1] *See* 28 U.S.C. § 1621 (punishing perjury with a fine and imprisonment of up to five years).

a plaintiff must "submit[] an affidavit that includes a statement of all assets" he possesses, showing that he is unable to pay the filing fee.  28 U.S.C. § 1915(a)(1).  When, as here, the plaintiff is a prisoner, he must also submit a "certified copy" of his inmate account statement for the "6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

In this case, despite the regular payroll deposits to Plaintiff's account, he declared under penalty of perjury in both applications that he received no wages.  Also, in his first application, he declared he received no income from "[a]ny other sources" during the past 12 months.  Doc. [2] at 1.  A district court has discretion to dismiss an action with prejudice where the plaintiff has in bad faith filed a false affidavit of poverty.  *See Romesburg v. Trickey*, 908 F.2d 258, 260 (8th Cir. 1990) (affirming dismissal with prejudice where plaintiff submitted false financial affidavit); *Askew v. Union Pac. Motor Freight Co.*, 998 F.2d 1018 (8th Cir. 1993) (per curiam) (unpublished table decision) (affirming dismissal with prejudice where district court found plaintiff "deliberately misstated his financial condition").

Additionally, in his second application, Plaintiff left blank the third question, which required him to declare whether he had received income from certain specified sources or any other sources in the past 12 months.  Doc. [7] at 1.  Finally, Plaintiff has not submitted an account statement that complies with 28 U.S.C. § 1915(a)(2).  The printout that Plaintiff submitted with his first application, Doc. [3], does not appear to be a "certified copy," and the certified account statement that Plaintiff submitted with his second application, Doc. [9], does not cover the 6-month period immediately preceding the filing of the complaint.

**III. Conclusion**

In sum, it appears that Plaintiff misrepresented his financial condition on both applications. He also failed to fully complete the second application, and he failed to submit a "certified copy

3

of the trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint" with either application.  28 U.S.C. § 1915(a)(2).  The Court will therefore deny Plaintiff's applications, but it will do so without prejudice.  The Court will give Plaintiff the chance to either pay the $405 filing fee or file a <u>fully completed</u> application for leave to proceed *in forma pauperis* that is accompanied by the account statement required by section 1915(a)(2).  Plaintiff is warned that failure to comply with these instructions will result in dismissal of this action.

Plaintiff has also filed two motions seeking the appointment of counsel.  Docs. [4] and [8].  Plaintiff does not have a "constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam) (citation omitted); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." (citation omitted)).  Rather, a district court may appoint counsel "if convinced that an indigent plaintiff has stated a non-frivolous claim," *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citation omitted), "and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel,'" *id*. (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)).

Here, Plaintiff has yet to establish his indigency, and until he either pays the filing fee or obtains *in forma pauperis* status and fulfills all applicable requirements, the Court cannot properly assess the merits of his claims and determine whether he and the Court would benefit from the assistance of counsel.  The Court will therefore deny the motions without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's applications for leave to proceed *in forma pauperis*, docs. [2] and [7], are **DENIED** without prejudice.

4

**IT IS FURTHER ORDERED** that, <u>**no later than Friday, November 21, 2025**</u>, Plaintiff must either pay the $405 filing fee, or file a <u>fully completed</u> application for leave to proceed i*n forma pauperis* that is accompanied by a certified copy of his inmate account statement for the 6-month period immediately preceding the filing of the complaint, as required by 28 U.S.C. § 1915(a)(2). Failure to comply will result in dismissal.

**IT IS FURTHER ORDERED** that Plaintiff's motions to appoint counsel, Docs. [4] and [8], are **DENIED** without prejudice.

Dated this 7th day of October 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE