**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTIAN P. EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:25-cv-00690-MTS |
| | ) | |
| DAVID FRUITS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff Christian Edwards's ("Plaintiff") Motions to Appoint Counsel, Docs. [25] and [30]. The Court will also perform its initial review function under 28 U.S.C. § 1915A. For the reasons stated herein, the Court will issue and serve process upon the Complaint as to Officer David Fruits, but Plaintiff's Motions for Appointment of Counsel will be denied.

## I. Background

Plaintiff Christian Edwards, an inmate in the custody of the Missouri Department of Corrections, alleges that, before his time in prison, Defendant police officer David Fruits randomly stopped him on Boone's Lick Road in St. Charles. Doc. [6] at 14. Defendant allegedly grabbed Plaintiff, put him in handcuffs, and slammed him against the floorboard of the police car, fracturing Plaintiff's wrist and giving him a concussion. *Id.* at 14–15. Upon reaching the police station, Defendant gave no medical care to Plaintiff, and as a result, Plaintiff now suffers from PTSD, depression, night terrors, and difficulty writing with his right hand. *Id.* at 14.

Plaintiff filed suit against Fruits in this Court on September 5, 2023, under 42 U.S.C. § 1983. *Edwards v. Fruits*, 4:23-cv-1111-MTS, ECF No. 1 (E.D. Mo. 2023). On February 15, 2024, this Court found that Plaintiff's complaint stated a claim under § 1983 for (1) excessive force by Defendant during Plaintiff's arrest and (2) deliberately indifferent medical care. *Id.*, ECF No. 8 at 8–11. However, the Court later dismissed the action without prejudice after Plaintiff failed to pay the initial partial filing fee. *Id.*, ECF No. 17.

Plaintiff now brings a new action against Defendant on the same facts as his previous action.[*] Plaintiff also moves for appointment of counsel. Docs. [25] and [31].

## II. Legal Standard

### A. Initial Review under 28 U.S.C. § 1915A

Under 28 U.S.C. § 1915A, the Court must review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, like here. The Court must dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented prisoner, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered

[*] The Complaint is unclear as to whether Plaintiff also brings this action against the St. Charles Police Department. However, the St. Charles Police Department is not a suable entity. *See Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (holding that departments or subdivisions of local government are "not juridical entities suable as such" under § 1983). Therefore, this Court construes Plaintiff's complaint as being against Fruits alone.

within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**B. Appointment of Counsel**

"There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (internal citation omitted). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips*, 437 F.3d at 794.

## III. Discussion

### A. Initial Review under 28 U.S.C. § 1915A

As previously stated, this Court previously screened another case from Plaintiff regarding the same conduct at issue in this case. *See Edwards*, ECF No. 1. In that case, the Court ruled that Plaintiff stated a claim under 42 U.S.C. § 1983 against Defendant in his individual capacity, related to both excessive force on arrest and deliberately indifferent medical care. *Id.*, ECF No. 8 at 8–11. This Court ultimately dismissed the case without prejudice because Plaintiff failed to pay the required filing fee, *see id.*, ECF No. [17] at 2, but the Court did not disturb its initial finding that Plaintiff stated a claim on which relief could be granted.

The allegations in this case are substantially the same as in Plaintiff's previous case. In both cases, Plaintiff alleges that Defendant Fruits aggressively grabbed him and put him in handcuffs, scarring and fracturing his wrist. Doc. [6] at 14–15; *Edwards*, ECF No. 1 at 12. Moreover, upon reaching the police station, Plaintiff says that he received inadequate medical treatment. Doc. [6] at 14–15; *Edwards*, ECF No. 1 at 13. Because this Court previously reviewed the same allegations and found them sufficient to state a claim against Defendant, the Court does not disturb that finding now. Therefore, this Court will not dismiss this case under 28 U.S.C. § 1915A and will order service of process on Defendant.

### B. Motions to Appoint Counsel

As previously stated, when determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips*, 437 F.3d at 794.

After reviewing these factors, the Court finds that appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court, as evidenced by his well-researched and organized motions in this case. *See* Docs. [26], [31]. Additionally, as the Court noted in the previous litigation, "the request for counsel is hasty, as Defendant has not yet been served, and the Court has not yet issued any Case Management Order." *Edwards*, ECF No. 8 at 11–12. The Court will entertain future motions for appointment of counsel if the case progression warrants it.

## IV. Conclusion

Plaintiff's Amended Complaint survives screening under 28 U.S.C. § 1915A, but he has not shown that this is one of the unusual civil actions where the Court should appoint counsel.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the Complaint as to Defendant Officer David Fruits, in his individual capacity, with regard to Plaintiff's claim of excessive force on arrest and Plaintiff's claim of deliberately indifferent medical care. Defendant David Fruits shall be served by issuance of summons and service by the U.S. Marshals Service at the St. Charles Police Department, 1781 Zumbehl Road, St. Charles, MO 63301.

**IT IS FURTHER ORDERED** that Plaintiff Christian Edwards's Motions to Appoint Counsel, Docs. [8] and [12], are **DENIED** without prejudice.

Dated this 13th day of October 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE